UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PHILLIP JAMES DIFATTA, ET AL.**                CIVIL ACTION

**VERSUS**                                       No. 06-9827

**STATE FARM FIRE AND**                          SECTION: I/5
**CASUALTY COMPANY, ET AL.**

ORDER AND REASONS

    The matter before the Court is a motion to remand, filed on behalf of plaintiffs, Phillip and Lynette DiFatta.  Defendants in this matter are State Farm Fire and Casualty Company ("State Farm") and Robert Eisenbraun.

    As plaintiffs assert and defendants acknowledge, remand is required in this case.  The removal statute, 28 U.S.C. § 1446, requires the defendant to file its notice of removal within thirty days of receipt of the initial pleading from the plaintiff.  28 U.S.C. § 1446.  In this case, State Farm was served on October 6, 2006, but State Farm did not file its notice of removal until November 9, 2006.[1]  Defendants acknowledge that they failed to comply with this statutory requirement, and therefore, consent to remand.[2]

    Plaintiffs also move for costs and attorney's fees pursuant to 28 U.S.C. 1447(c).  This Court has previously discussed the

---

[1] Rec. Doc. No. 7-2, p. 3.

[2] Rec. Doc. No. 8, p. 1.

applicable standards and analysis for imposing attorney's fees and costs for improper removal. *See Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566, at *7 (E.D. La. Sept. 20, 2006). After fully considering the law, the facts, and the arguments of all parties, the Court will exercise its discretion to deny plaintiffs' request for attorney's fees and costs.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the motion to remand filed on behalf of plaintiffs[3] is **GRANTED** and the case is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard.

New Orleans, Louisiana, January __17th__, 2007.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[3] Rec. Doc. No. 7.

-2-